UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KELLY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:15-cv-01529-TWP-TAB ) |
| PAUL TALBIT, M.D., HOUMAN KIANI, M.D., MIKE PERSON, M.D., | ) ) ) ) |
| Defendants. | ) |

**Entry Granting Motion to Amend and Discussing Second Amended Complaint**

The motion to amend the complaint [dkt 30] is **granted**. The **clerk shall** docket the proposed amended complaint (dkt 30-1) as the Second Amended Complaint.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on the foregoing, the claims in plaintiff's second amended complaint shall proceed as follows: The claims that defendants Dr. Paul Talbit, Dr. Houman Kiani, Dr. Mike Person, Dr. Rafiq, Nurse Butler, and Nurse Practitioner Brubaker have failed to treat Mr. Kelly for his spine and hip damage and degenerative bone disease **shall proceed as a claim** that these defendants have exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Any claim against Superintendent Butts related to alleged denial of medical care is **dismissed** because "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). The plaintiff's allegations against Superintendent Butts do not state sufficient facts to raise his right to relief on this claim above a speculative level. *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).

Any claim alleging retaliation against the plaintiff cannot proceed in this action because it is improperly joined. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. If the plaintiff wants to pursue the misjoined claims, he should notify the Court by May 21, 2016, and the Court will issue an order severing those claims. Otherwise, the claims will be dismissed without prejudice. The plaintiff is reminded that if new actions are opened, the plaintiff will be responsible for the filing fee associated with each new case. In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for any new case.

Defendants Talbit, Person, and Kiani have already appeared and filed an answer. They shall have **fourteen days** from the date this Entry issues in which to file an answer to the amended complaint.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Rafiq, Nurse Butler, and Nurse Practitioner Brubaker in the manner specified by Rule 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 4/29/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard Kelly
860033
New Castle Correctional Facility
PO Box A
New Castle, IN 47362

Dr. Rafiq
Nurse Butler
Nurse Practitioner Brubaker

    All at:
    New Castle Correctional Facility
    P.O. Box A
    New Castle, IN 47362