# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01529-TWP-TAB |
| | ) | |
| PAUL TALBIT, M.D., | ) | |
| HOUMAN KIANI, M.D., MIKE PERSON, | ) | |
| M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Regarding Request for Pre-Authorization
to Incur Expenses and Directing Further Proceedings**

This matter is before the Court on Plaintiff Richard Kelly's Motion for Pre-Authorization to Incur Expenses. (Filing No. 56). Mr. Kelly's claims in this case are that he has received constitutionally inadequate medical care for degenerative disk disease in his lumbar and cervical spine and degenerative bone disease in his hips. He alleges that this has resulted in severe pain and a worsening of his conditions. Pro bono counsel was recruited pursuant to Local Rule 87 to represent Mr. Kelly for the purpose of assisting him with discovery. Consistent with this representation, counsel has filed an ex parte motion for pre-authorization to incur expenses to retain an expert to testify regarding the neurological and orthopedic standard of care for these conditions. Because there is nothing necessarily private about this motion, the **clerk shall remove the ex parte restriction from this filing**. As explained below, the motion is **denied**. Instead of authorizing payment for an expert to testify on Mr. Kelly's behalf, the Court proposes the appointment of a neutral expert consistent with Rule 706 of the *Federal Rules of Civil Procedure*.

## Mr. Kelly's Request for Expert Testimony

Mr. Kelly's claims are that he received constitutionally inadequate medical care for his serious medical conditions. Analysis of these claims will require understanding of his conditions and the proper treatment of those conditions. To prevail in this case, Mr. Kelly will have to show: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about his condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Mr. Kelly's allegations of ongoing pain and bone and nerve degeneration appear at this time to be objectively serious medical conditions. However, to show that the defendants were deliberately indifferent to these conditions, Mr. Kelly will have to show that the defendants failed to act or took "woefully inadequate action." *Reed v. McBride,* 178 F.3d 849, 854 (7th Cir. 1999) (citing *Hudson v. McHugh,* 148 F.3d 859, 863 (7th Cir.1998)). In other words, Mr. Kelly will be able to prove his claims if the defendants' decisions were "so far afield of accepted professional standards as to raise the inference that [they were] not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). A neutral expert appointed under Rule 706 would be able to discuss the professional standards related to Mr. Kelly's conditions and opine whether the defendants' care for him departs far enough from the standard of care to qualify as deliberately indifferent to the risk of harm presented by his medical condition.

## Further Proceedings

Based on the foregoing, the Court finds that medical expert testimony may assist the Court in deciding Mr. Kelly's claims. The Court will not at this time, however, fund the hiring of an expert to testify on Mr. Kelly's behalf. Instead, pursuant to Rule 706 of the *Federal Rules of*

*Evidence*, the Court proposes the appointment of a neutral expert or experts to provide unbiased testimony regarding the appropriateness of Mr. Kelly's treatment.

The Court proposes the following procedure for the appointment of a Rule 706 expert:

A. The expert(s) should be selected as follows: (1) each party should submit to the other by a date certain a list of three potential experts who are qualified and willing to opine on the matters at issue in this case; (2) within 14 days of exchanging lists, the parties should confer to determine if they can agree to one of the six potential experts; (3) during that conference, if the parties cannot agree on an expert, each party can strike two of the experts on the other party's list, leaving two potential experts, one from each list; (4) the remaining two experts will be submitted to the Court for consideration and the Court shall determine which of the two should be appointed.

B. The parties shall confer and attempt to reach an agreement regarding the scope of the inquiry to be conducted by the Rule 706 expert and will file a Notice containing the proposed scope by a date certain. If they cannot reach an agreement regarding the scope of the inquiry, they shall file a motion asking the Court to determine the appropriate scope.

C. Once the expert has rendered an opinion, that opinion shall be filed with the Court.

D. Costs incurred in appointing the expert will be apportioned as follows: the first $15,000 in costs incurred through the use of the Rule 706 expert will be borne equally by the defendants and the Court, the Court's share to be paid in the spirit of Local Rule 87(g).[1] This means that the Court will contribute up to $7,500 to pay the expert. Any fees charged by the Rule 706 expert above $7,500 will be borne by the defendants in the first instance. The parties are reminded that the Court has discretion to award the prevailing party the costs of hiring an expert. *See* 42 U.S.C. § 1988. The plaintiff is notified that if he does not prevail in this action he may be required to pay the costs associated with compensating the court appointed expert witness consistent with 28 U.S.C. § 1915(f).

Because the Court is acting on its own motion in proposing a Rule 706 expert, the parties shall have **through February 3, 2017**, in which to either object to or agree to the proposed procedure for the appointment of an expert or offer revisions to the procedure.

---

[1] The parties are reminded that the costs of the expert must be reasonable and the court's discretion to direct payment for the expert includes the ability to direct one party to pay the entire cost of the neutral expert witness's testimony. *Ledford v. Sullivan,* 105 F.3d 354, 360 (7th Cir. 1997).

**IT IS SO ORDERED.**

Date: 1/23/2017

Distribution:

All electronically registered counsel

Richard Kelly
860033
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana