UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01529-TWP-TAB |
| ) | |
| PAUL TALBIT, M.D., ) | |
| HOUMAN KIANI, M.D., MIKE PERSON, ) | |
| M.D., ) | |
| ) | |
| Defendants. | |

**Entry Overruling Objection to the Appointment of a Neutral Expert**

On January 23, 2017, the Court on its own, proposed that a neutral expert be appointed in this case pursuant to Rule 706 of the *Federal Rules of Evidence*. (Dkt. 57). Plaintiff Richard Kelly ("Mr. Kelly") alleges that Defendants Paul Talbit, M.D. ("Dr. Talbit"), Houman Kiani, M.D ("Dr. Kiani") and Mike Person, M.D. ("Dr. Person") (collectively the "Defendants"), have been deliberately indifferent to his need for treatment for degenerative disk disease in his lumbar and cervical spine and degenerative bone disease in his hips. Mr. Kelly filed a request that the Court authorize him to incur expenses to retain an expert or experts to testify regarding these conditions. Based on this request, the Court proposed a procedure for the appointment of a neutral expert that would provide a report to the Court regarding these issues. Defendants object to the proposal. (Dkt. 58). Mr. Kelly has filed a reply in support of the proposal. (Dkt. 59). For the following reasons, the Defendants' objections are **overruled**.

I.     Discussion

In support of their objection to the appointment of a neutral expert, Defendants argue that Mr. Kelly does not need an expert and a neutral expert would be unfair and burdensome the Court.

A. *Need for an Expert*

First, to the extent that the defendants believe Mr. Kelly does not need an expert to prove his claims, the Court finds that Mr. Kelly's alleged spinal and hip conditions appear not to be the types of conditions easily explained or understood by a lay person. The Seventh Circuit has encouraged district courts to consider the appointment of experts in such a situation. *See Rowe v. Gibson*, 798 F.3d 622, 631-632 (7th Circ. 2015).

B. *Unfairness to the Defendants*

Next, the Defendants argue that the appointment of a Rule 706 expert would be unfair to them. As an initial matter, the Court emphasizes, as it did in the Entry proposing the appointment of a Rule 706 expert, that the Court has discretion to do so and to apportion the costs of the expert. To the extent that Defendants argue that the appointment of a neutral expert in this case sets a precedent for such an appointment in every case, this assertion is not true. The need for a Rule 706 expert must, of course, be made on a case-by-case basis, and the Court makes no determination whether such an appointment will be appropriate in other cases not currently under consideration.

The Defendants further speculate that if the appointment process proposed in this case were applied in all cases, it would result in over six million dollars of additional litigation costs to Corizon, the Defendants' employer. This conclusion is based on a misunderstanding of the number of *pro se* prisoner cases that have been filed in this Court based on allegations of deficient medical care. The Defendants rely on the report (attached to the defendants' objection at Dkt. 58-1) that 907 *pro se* prisoner cases were filed in this Court during the fiscal year ending September 30, 2016. But the Defendants fail to understand that a large portion of the Court's *pro se* prisoner cases are habeas petitions, not civil rights cases like this one. Further, not all *pro se* prisoner civil rights cases are based on allegations of inadequate medical care. Many are based on allegations of

excessive force or violations of the First Amendment, among other things. In other words, the Court did not have nearly 907 *pro se* prisoner cases last year based on inadequate medical care. And of the cases that have been brought based on alleged inadequate medical care, in only one has the Court decided to appoint a neutral expert. The determination of whether to make such an appointment is not automatic, but is based on the Court's exercise of its discretion in determining one would be helpful.

> The defendants also suggest a number of potential problems in the appointment of a neutral expert. They state:
>
> (1) if Corizon is forced to pay for a doctor to review the case and the doctor's opinions are favorable to Corizon, will the Court then dismiss the case and require the Plaintiff to reimburse Corizon for the cost of the expert? (2) if Corizon is forced to pay for an expert to review the case and the expert's opinions are favorable to Corizon, will the Court then force Corizon to pay for a second opinion? (3) does the Court force Corizon to pay for experts until it finds one that is favorable to Plaintiff's case?

Many of these questions are answered in the Court's order proposing the appointment of a neutral expert. It should go without saying that the goal of appointing a neutral expert is to provide the Court with a *neutral* opinion regarding the plaintiff's claims. *See Turner v. Cox,* 569 Fed.Appx. 463, 468 (7th Cir. 2014)("A court may appoint an expert to help sort through conflicting evidence, ..., but it need not appoint an expert for a party's own benefit ..."). The goal is not to create a record to ensure that the Plaintiff will win. The implication of the Defendants' third question – that this is a possibility – reflects a serious misunderstanding of both the role of a neutral expert and the role of this Court. Nowhere in the Entry does the Court propose that expert after expert be provided for until an expert favorable to the Plaintiff is found. Further, the costs of appointment of an expert once one party or the other prevails is discussed in the Entry proposing the appointment of an expert. Finally, it should be noted that appointment of a neutral expert does not otherwise alter the

adversarial process. If, based on the findings of the neutral expert, or its own expert, the Defendants think they are entitled to judgment as a matter of law, they should file a motion for summary judgment and can rely on the neutral expert's opinion as appropriate.

     C. *Burden on the Court*

Finally, the Defendants argue that the appointment of a neutral expert places too much of a burden on the court. The Defendants propose that the Court disregard the strong suggestion in *Rowe* and decline to appoint a neutral expert. But, as the Defendants concede, the decision to do so is within the Court's discretion. The Court is exercising it here. To the extent that the Defendants assert that the appointment of a neutral expert will cost the court six million dollars, as discussed above, there is no support for this conclusion.

## II. Conclusion

For the following reasons, the defendants' objection to the appointment of a neutral expert in this case (Dkt. 58), as outlined in the Entry of January 23, 2017, is **overruled.** The Court will issue the procedure for the appointment of a neutral expert through a separate order.

     **IT IS SO ORDERED.**

Date: 2/27/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Britney Jade McMahan
BLEEKE DILLON CRANDALL, PC
britney@bleekedilloncrandall.com

Curtis T. Jones
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com