UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-01529-TWP-TAB |
| | ) |
| PAUL TALBIT, M.D., | ) |
| HOUMAN KIANI, M.D., | ) |
| BRYAN BULLER, | ) |
| MIKE PERSON, | ) |
| DR. RAFIQ, | ) |
| NURSE BUTLER, | ) |
| NURSE PRACTITIONER BRUBAKER, | ) |
| | ) |
| Defendants. | ) |

**Entry**

The Court recruited Curtis Jones as volunteer counsel to assist plaintiff Richard Kelly in conducting discovery in this case. As the Court has previously explained, volunteer counsel provided excellent service to Mr. Kelly. Nonetheless, Mr. Kelly sent Mr. Jones a Notice of Tort Claim asserting that Mr. Jones failed to conduct discovery properly. Because the record reflected that this statement is patently false and because this Court has a limited pool of attorneys from whom it may ask for volunteer service, Mr. Kelly was directed to show cause why he should not be barred from receiving the Court's assistance in recruiting counsel in future litigation. Mr. Kelly responds asserting that he does not seek to bring any civil complaint against Mr. Jones, but that Mr. Jones would not seek certain non-party discovery on his behalf and would not conduct depositions of the defendants. He also states that Mr. Jones had no intention of representing him at trial, would not move to amend Mr. Kelly's complaint to seek punitive damages, and did not

convince this Court that Mr. Kelly required an expert opinion from a neurologist and an orthopedic specialist.

None of Mr. Kelly's assertions are sufficient to show that he should be entitled to receive this Court's assistance in recruiting counsel in future litigation. Mr. Jones was recruited to represent Mr. Kelly for purposes of discovery only. Thus, there could be no misconduct on his part by not performing duties related to aspects of the case that were not associated with discovery. In addition, Mr. Kelly has not shown that, although he assertedly did not conduct all of the discovery Mr. Kelly desired, Mr. Jones did not perform his duties properly and sufficiently to allow Mr. Kelly to prosecute this case at this stage. Finally, the recruitment of counsel does not mean that counsel must succeed on every dispute before the Court. There is therefore no basis to conclude that Mr. Jones shirked his duties simply by failing to convince the Court that opinions from a neurologist and an orthopedist would be helpful to the Court at this time.

For these reasons, Mr. Kelly has failed to show that he should not be barred from receiving the Court's assistance in recruiting counsel in future litigation. His motion to reconsider in which he asks this Court to recruit a lawyer to represent him in this case, dkt. [84], is **denied**.

**Mr. Kelly should not file a motion for assistance with recruiting counsel in future litigation in this Court. If he does so, he must reference this order and identify special circumstances that warrant the recruitment of counsel to represent him despite the instructions in this order.**

IT IS SO ORDERED.

Date: 10/11/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

RICHARD KELLY
860033
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362