UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KELLY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:15-cv-01529-TWP-TAB ) |
| PAUL TALBIT, M.D., HOUMAN KIANI, M.D., BRYAN BULLER, MIKE PERSON, DR. RAFIQ, NURSE BUTLER, NURSE PRACTITIONER BRUBAKER, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Concerning Selected Matters**

Plaintiff Richard Kelly ("Kelly"), filed this civil rights action under 42 USC §1983 alleging that Defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Before the Court is Kelly's objection to the Court's appointment of a neutral expert and a Motion to Compel Discovery. For the reasons explained below the objection is overruled and the Motion to Compel is denied.

**I. Objection**

Kelly objects to the Court's appointment of a neutral expert under Federal Rule of Evidence 706. Specifically, he objects to the appointment of a general practitioner instead of neurology and orthopedic specialists to provide the Court with testimony regarding the appropriateness of the medical care that is at issue in this case.

Kelly's claims are that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Therefore, to prevail, he will have to show: (1) he suffered from an objectively serious medical condition; and (2) the defendants knew about

his condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). In other words, Mr. Kelly will be able to prove his claims if the defendants' decisions were "so far afield of accepted professional standards as to raise the inference that [they were] not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Because, as the Court has already explained, the defendants are general practitioners, a general practitioner is able to opine regarding the elements of Mr. Kelly's claims. Specifically, a general practitioner is properly situated to provide opinion testimony which should shed light on whether the defendants' action were "far afield of accepted professional standards." Kelly's objection, dkt. [80], is therefore **overruled**.

## II. Motion to Compel

Kelly has also filed a Motion to Compel Discovery in which he seeks an order directing that the Defendants respond to certain interrogatories and provide a copy of "the prior answer that was generated . . . in the case: *Kelly v. Joe Thompson Mike Mitcheff*." He also asks for permission to re-serve a subpoena to the New Castle Correctional Facility to allow him to obtain emails and text messages generated by the defendants related to his medical care and the contact information of the internet service provider that provided the cell phone service for the defendants.

The defendants have objected to the motion to compel arguing that the discovery deadline passed on February 20, 2017, and that Kelly did not comply with the requirements of Rule 37 of the *Federal Rules of Civil Procedure*. For these reasons alone, the motion to compel can be denied. Further, the defendants point out that documents related to the medical review panel identified above are not relevant to the claims in this case and Kelly has not argued that they are relevant. Similarly, Kelly has failed to demonstrate that the Defendants' cell phone

records would contain or lead to any evidence relevant to his claims. Finally, Kelly has been provided with all of his medical records related to his claims of inadequate medical treatment in this case. For all of these reasons, the Motion to Compel, dkt. [85], is **denied**.

### III. Conclusion

For the reasons stated above, Kelly's objection, dkt. [80], is **overruled** and his Motion to Compel Discovery dkt. [85], is **denied**.

**SO ORDERED.**

Date: 10/13/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

RICHARD KELLY
860033
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362